DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. Following a no contest plea, the trial court found Christopher S. Cook, defendant below and appellant herein, guilty of speeding in violation of R.C.4511.21(A).
 {¶ 2} Appellant raises the following assignment of error for review and determination:
"THE TRIAL COURT NEVER LAWFULLY OBTAINED PERSONAL JURISDICTION OVER APPELLANT."[1]
 {¶ 3} On June 6, 2005, the Pickaway County Sheriff's Department investigated a two vehicle accident on U.S. Route 23. On July 27, 2005, Deputy C.A. Fortner filed a traffic citation in the Circleville Municipal Court. The citation alleged that appellant violated R.C. 4511.21 (speed-assured clear distance). Apparently, the citation and summons were delivered to appellant on August 10, 2005 by certified mail. On that same day, appellant entered a not guilty plea and a speedy trial waiver. The trial court scheduled a September 2, 2005 trial date.
 {¶ 4} Subsequently, both appellant and appellee requested, and received, two continuances. On November 11, 2005, appellant filed a motion to dismiss the complaint. In his supporting memorandum, appellant argued that appellee failed to accomplish service of the complaint as envisioned under Traf.R. 3. In particular, appellant asserted that the trial court lacked personal jurisdiction because the officer did not personally serve appellant with the citation.
 {¶ 5} On November 16, 2005 appellant appeared at trial, but first contended that the trial court should, grant his motion to dismiss the complaint. Apparently, the trial court was unswayed and overruled appellant's motion. Appellant then entered a no contest plea and the trial court found him guilty as charged. This appeal followed.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss for lack of personal jurisdiction.[2] He contends that the trial court did not have jurisdiction over him because the issuing officer did not personally serve him with a copy of the traffic citation.
 {¶ 7} Appellee argues that appellant waived the issue by appearing before the court and entering a not guilty plea. We agree with appellee.
 {¶ 8} "A defendant in a traffic case must raise any defenses or objections based on defects in the institution of the proceedings before the entry of a plea. Traf.R. 11(B). Accordingly, a defendant waives any objections to the trial court's exercise of personal jurisdiction by failing to assert such objections at the time the defendant appears in the trial court and enters a not guilty plea." Columbus v. Ford, Franklin App. No. 04AP-550, 2004-Ohio 5715 at ¶ 7, citing State v.Savage (1977), 60 Ohio App.2d 394, 397 N.E.2d 1205, andCleveland v. Fitos, Cuyahoga App. No. 81404, 2003-Ohio-33, at ¶¶ 11.
 {¶ 9} In the case sub judice, appellant did not challenge the trial court's exercise of personal jurisdiction until after he entered a not guilty plea. Therefore, appellant waived the issue.
 {¶ 10} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
If a stay of execution of sentence has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, J., Kline, J. McFarland, J.: Concur in Judgment 
Opinion.
[1] Appellant's brief does not designate an "assignment of error," as App.R. 16(A)(3) requires. We have extracted this argument from his "Law and Argument" and construe it as an assignment of error.
[2] Although the record does not contain an entry overruling appellant's motion, when a trial court fails to rule on a motion, we presume that the court overruled it. See, e.g., State v.Binegar, Highland App. No. 00CA21, 2001-Ohio-2545.